IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM LEAMAH                         :         CIVIL ACTION
                                       :
        v.                             :
                                       :
SHEILA ANDERSON, WOODHAVEN             :
CENTER, NORTHWESTERN HUMAN             :
SERVICES EASTERN REGION                :         NO. 07-cv-03179-JF


MEMORANDUM AND ORDER

Fullam, Sr. J.                                              June 4, 2008

       The defendant Woodhaven Center operates an institution for the severely handicapped. The defendant Northwestern Human Services Eastern Region is alleged to be a corporation which has some responsibility for supervising the activities of Woodhaven Center. The defendant Sheila Anderson was employed in a supervisory capacity at Woodhaven Center. Plaintiff, William Leamah, was employed as a residential counselor at Woodhaven Center.

       On November 22, 2003, the defendant Anderson reported witnessing plaintiff physically assaulting a patient at Woodhaven Center (the parties refer to patients as "consumers"). Plaintiff was suspended and ultimately discharged from his employment. His union declined to pursue the case to arbitration.

       Woodhaven Center and Northwestern Human Services Eastern Region referred the incident to the police and ultimately to the District Attorney's Office, and plaintiff was prosecuted

for assault and battery and aggravated assault.  After a five-day jury trial, plaintiff was acquitted of all charges.

On June 18, 2007, plaintiff brought suit in the Court of Common Pleas of Philadelphia County.  His complaint extended to 101 paragraphs, over 20 pages, and asserted claims for "wrongful use of criminal process and malicious prosecution" against the City of Philadelphia, Woodhaven Center and Northeastern Human Services, as well as the defendant Anderson.  The City of Philadelphia removed the case to this Court, on the theory that plaintiff was asserting § 1983 claims against the City.  All parties apparently acquiesced in that interpretation, and the case has been proceeding in this Court.

In early April 2008, plaintiff's counsel filed a motion for leave to amend the complaint, allegedly so as better to comply with the procedural requirements of the Federal Rules.  Plaintiff was granted leave to file the amended complaint, which covers 22 pages and 130 paragraphs.  The amended complaint specifically asserted a claim for unconstitutional arrest and confinement, against the City of Philadelphia, and specifically invoked 42 U.S.C. § 1983.  The amended complaint also asserted state law claims: "false arrest and wrongful use of criminal process" against the City of Philadelphia, and "wrongful use of criminal process and malicious prosecution" against the

defendants Anderson, Woodhaven Center and Northwestern Human Services Eastern Region.

In the meantime, the defendants had filed a motion for summary judgment, and plaintiff's response conceded that all claims against the City of Philadelphia should be dismissed. Plaintiff has now filed a motion for leave to file a further amended complaint, adding Philadelphia Detective Thomas Walsh as a defendant, dropping the City of Philadelphia as a defendant, and simplifying the claims asserted.  The proposed amended complaint is only 11 pages and 49 paragraphs long, and sets forth in two counts claims against the defendants Anderson, Woodhaven, Northeastern Human Services and Mr. Walsh: a "federal claim" under "§ 1983 Fourth Amendment" (Count I) and "state law" claims for malicious prosecution against all of the defendants (Count II).  The defendants object to the proposed amendment on the ground that it comes too late, and would be unfair to the proposed new defendant, Detective Walsh.

I agree that the plaintiff has waited too long to add defendants in this case.  Discovery has long since been completed, and trial was scheduled to begin on June 2, 2008. Moreover, it is virtually inconceivable that Mr. Walsh could be found liable to plaintiff by any rational jury: he was provided information which he had no reason to doubt, presented that information to a neutral magistrate, and caused the criminal

prosecution to proceed in the normal course.  Indeed, the only alleged basis for holding him liable is the assertion that he "inflated" the charges from simple assault and battery to aggravated assault and battery, when he should have realized that the signs of physical injury on the victim, reported by some of the witnesses, may have been unrelated to the incident in question.  That is a far cry from establishing a basis for liability in this case.  Moreover, since plaintiff was acquitted of all charges, he did not suffer any additional damages from the alleged increase in the severity of the charges against him.

To the extent that the proposed amended complaint would add Mr. Walsh as a defendant, the amendment will not be permitted.  On the other hand, plaintiff should be entitled to assert his final formulation of the charges he wishes to pursue against the remaining defendants.  All concerned would benefit from the simplification and clarification of the charges being pressed.

An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| WILLIAM LEAMAH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHEILA ANDERSON, WOODHAVEN | : | |
| CENTER, NORTHWESTERN HUMAN | : | |
| SERVICES EASTERN REGION | : | NO. 07-cv-03179-JF |

ORDER

AND NOW, this 4th day of June 2008, IT IS ORDERED:

1. Plaintiff's motion for leave to file a second amended complaint is GRANTED IN PART and DENIED IN PART, as follows: the proposed amended complaint may be filed, but all claims against Detective Thomas Walsh are STRICKEN from the amended complaint.

2. The pending motion for summary judgment shall be deemed to apply to the second amended complaint. Plaintiff may file a further response to the motions for summary judgment, as applied to the amended complaint.

3. A hearing on the pending motion for summary judgment will be held on the 26th day of June, 2008, at 10:00 a.m., in Courtroom 15-A.

4. All claims against the City of Philadelphia are DISMISSED.

BY THE COURT:


/S/ John P. Fullam
John P. Fullam, Sr. J.